## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### NALLE v. VIRGINIA MIDLAND RAILROAD COMPANY.

March 31st, 1892.

1. VENDOR AND VENDEE—*Rescission.*—Where vendor has been in no default at any time, and vendee has re-sold part of the land purchased by him, so that the parties cannot be put in *statu quo ;*

HELD:

There can be no rescission of the contract.

2. IDEM—*Case at bar.*—Where vendee has re-sold at a profit a large part of the land purchased by him, and asks for a rescission only as to such part as he has been unable to make a profit on ;

HELD:

He cannot have the relief prayed for.

Appeal from decree of circuit court of Culpeper county, rendered March 21st, 1890, in a chancery cause wherein the appellant, B. F. Nalle, was complainant, and the Virginia Midland Railroad Company was defendant. Opinion states the case.

*Rixey* and *Barbour*, for appellant.

*Eppa Hunton, Jr.*, and *W. H. Payne*, for appellee.

LACY, J., delivered the opinion of the court.

The bill was filed in this cause by the appellant, B. F. Nalle, to enjoin the appellee, the Virginia Midland Railroad Company, from prosecuting a suit against him on his purchase-

money bonds, given by him for the purchase of certain land bought by him, under a written contract, from the said appellee, upon credit of one, two, and three years, and to have rescission of the said contract. The bill and exhibits show that the plaintiff, Nalle, purchased of the company, in March, 1884, six several tracts of land in Campbell county, and twenty-five several tracts of land situated in Pittsylvania county, all aggregating four thousand two hundred and eighty-one and one-half acres, at the price of $11,384.85, and executed three bonds of $3,794.95, at one, two, and three years' credit; the first without interest, and the last two with interest from date.

One complaint in the bill is that, by the verbal understanding, Nalle agreed to pay $10,384.85 for these lands; but when the written contract was produced *for execution*, it provided for $11,384.85, and that he, though protesting, *executed the contract* at that price; that effecting large sales and making large payments when he came to make sale of some one thousand four hundred and twenty-four acres of this land, the bonds and proceeds of sale were to be turned over to the company, but some judgments had been, in the meantime, recovered against the company for personal injuries received by suitors, and the purchasers raised a difficulty about these, and these claims being contested by the company in the Court of Appeals, there was delay in relieving the lands of the company of these liens, and Nalle, losing this sale, asked to have the contract rescinded as to this part of the purchased land, but the company refused to rescind; that he had paid the contract price for all the lands sold by him; and Nalle denied the authority of the agents of the company to make this sale to him.

The defendant demurred and answered that the contract of sale had been made in good faith by it, and has always been ready, willing, and able to comply on its part; that the contract was that the company was to make a deed with special warranty of title upon the payment of the purchase-money according to the terms thereof; that the purchase-money has

never been paid nor tendered by the purchaser, and that the company voluntarily united in the deed to the lands re-sold by Nalle; that as to the one thousand four hundred and twenty-four acres, the company did unite in the deed to that also, although the purchase-money was not due under the contract, and Nalle could not, at that time, have made, as a matter of right, a tender of the purchase-money; that as to the judgments complained of, if Nalle had duly recorded his contract, the judgments would not have affected the land in question, which, however, he had negligently failed to record; that the defendant is a common carrier, doing a large business, and that these judgments grew out of accidents happening in the conduct of its business, one, for $2,000, was defeated in the Court of Appeals, and the other, for $2,000, was paid by compromise before February, 1887; that it was impossible to relieve Nalle of his failure to record his contract until these could be passed on by the Court of Appeals, which was done, and completely done, in due course, before the purchase-money to be paid by Nalle was due and demandable, and filed, in writing, an agreement made by its treasurer to make the deed to Nalle upon his delivering to the company the purchase-money and bonds for the one thousand four hundred and twenty-four acres sold in Pittsylvania. The bill was filed at October rules, 1889, and the decree complained of was rendered March 21st, 1890, when the injunction was dissolved, with costs, and Nalle appealed. This decree appears to be plainly right. The defendant company had complied in all respects with the terms of its contract fairly entered into.

Nalle cannot claim the benefit of the contract as to the large part of it, as to which he made a profit, and then repudiate so much of it as is unprofitable. Nor can he, upon any just principle, ask a rescission of a contract which has been by him, for his benefit, partly executed, and which he desires to rescind only in such part as he has been able to profit by. The defendant was in no default at any time. It is impossible now to

rescind the contract, and restore the parties to their former relations and put them in *statu quo*. And the case of *Ferry* v. *Clark*, 77 Va. Rep. 397, cited by the appellant, is authority to show that the circuit court wisely exercised its judicial discretion under such circumstances, and we are of opinion to affirm the decree complained of.

DECREE AFFIRMED.